FILED & JUDGMENT ENTERED
David E. Weich

Dec 16 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:                                                    Case No. 08-32261
                                                          Chapter 7
Michael Earl Bryant
SSN XXX-XX-2217
Vivian Nanlett Bryant
SSN XXX-XX-2502
            Debtors.

ORDER DENYING MOTION TO DISMISS

This matter came before the Court on the Bankruptcy Administrator's Motion to Dismiss Case pursuant to 11 U.S.C. § 707(b)(2) and the Debtors' Response to Bankruptcy Administrator's Motion to Dismiss. At issue is whether the female debtor's current monthly income includes her unemployment compensation for the purposes of the means test calculation set forth in 11 U.S.C. 707(b)(2), thereby creating a presumption of an abusive Chapter 7 filing pursuant to 11 U.S.C. § 707(b)(2) and warranting a dismissal of the Debtors' Chapter 7 case.

FACTS

On October 21, 2008, the Debtors filed with the Court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code that was accompanied by Official Form 22A Chapter 7 Statement of Current Monthly Income and Means-Test Calculation. The Debtors' Official Form 22A disclosed on Line 12 Total Current Monthly Income in the amount of $5,630.53. The Debtors also disclosed on Line 9 of Official Form 22A that the female debtor had received unemployment compensation during the six-month period ending September 30, 2008 in the average amount of $2,061.08 per month, and the Debtors excluded this unemployment compensation from their Total Current Monthly Income as compensation "claimed to be a benefit under the Social Security Act." The Debtors' Official Form 22A, as filed with the Court, further showed on Line 50 that the Debtors' monthly disposable income under 11 U.S.C. § 707(b)(2) was a negative $773.29, thereby indicating that a presumption of abusive filing under 11 U.S.C. § 707(b)(2) did not arise in the Debtors' case. On November 5, 2008, the Bankruptcy Administrator filed a Motion to Dismiss the Debtors'

Chapter 7 case pursuant to 11 U.S.C. § 707(b)(2) alleging that the female debtor's unemployment compensation did not constitute "a benefit under the Social Security Act" and should not have been excluded from the Debtors' Total Current Monthly Income. The Bankruptcy Administrator's Motion to Dismiss further argued that the inclusion of the female debtor's unemployment compensation in the Debtors' Total Current Monthly Income would give rise to a presumption of an abusive filing pursuant to 11 U.S.C. § 707(b)(2) which would require a dismissal of the Debtors' Chapter 7 case.

DISCUSSION

"Current monthly income" is defined in 11 U.S.C. § 101(10A)(B), and this definition specifically excludes "benefits received under the Social Security Act." Principles of statutory construction require that "when the statute's language is plain, the sole function of the courts - at least where the disposition required by the text is not absurd - is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (*quoting* United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (*in turn quoting* Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). Unemployment compensation is clearly a "benefit;" and the only reported court decisions that were provided to this Court by the parties hereto addressing this issue have held that this benefit is, in fact, a benefit "received under the Social Security Act." (*See*, In re Sorrell, 359 B.R. 167 (Bankr. S.D. Ohio 2007), and In re Munger, 370 B.R. 21 (Bankr. D. Mass. 2007). These courts have based their decisions on various provisions of the Social Security Act, language found in United States Supreme Court decisions, and a comparison of the language found in 11 U.S.C. 101(10A)(B) with various other provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

It is beyond dispute that the purpose of the Social Security Act is to provide benefits that are intended to replace the wages previously earned by those who are unemployed. As stated by the United States Supreme Court in California Dept. of Human Resources Development v. Java, 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971):

> "The purpose of the [Social Security] Act was to give prompt, if only partial, replacement of wages to the unemployed, to enable workers to tide themselves over, until they get back to their old work or find other employment, without having to resort to relief. Unemployment benefits provide cash to a newly unemployed worker at a time when otherwise he would have nothing to spend, serving to maintain the recipient at subsistence levels without the necessity of his turning to welfare or private charity." *Id*. at 131-32.

Unemployment compensation law is composed of elements of both state and federal law, as recognized by the United States Bankruptcy Court for the Southern District of Ohio in the case of In re Mark C. Sorrell, 359 B.R. 167 (S.D. Ohio 2007) in which the court noted:

> "States may, but are not required to, enact unemployment compensation law. . . . If, however, a state does enact an unemployment compensation law, it is required to comply with a series of federal mandates. See 42 U.S.C. § 1321 (Eligibility requirements for transfer of funds; reimbursement by State; application; certification; limitation). These mandates are

inextricably entwined with the Social Security Act. For example, the Secretary of Labor must certify each state's compliance with the Social Security Act. 42 U.S.C. § 504 (Judicial Review) and 42 U.S.C. § 503 (State Laws). To the extent a state law is not in compliance with the Social Security Act, it would be invalid under the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, § 1, cl.2; See generally, Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000)." *Id*. at 181.

The Bankruptcy Administrator has stated in Paragraph 5 of his Motion to Dismiss that "[u]pon information and belief, unemployment compensation is a benefit of the State of North Carolina and is funded solely on a tax imposed by employers." This argument was also addressed by the Sorrell court which stated as follows:

"It is correct that the actual payments to eligible unemployed workers, such as the Debtors, are administered by the individual states. . . . However, it is undisputed that unemployment compensation exists, including a component of any funding of such a state program, only if individual states comply with the Social Security Act. It is also clear that, although there are a number of differing state programs, which operate through a variety of state distribution criteria, the common funding source and common control component of all unemployment compensation programs is the Social Security Act." Sorrell, at 182.

The Sorrell court went on to cite the specific provisions of 42 U.S.C. §§ 1101-1105 that provide for the funding of state unemployment compensation programs with federal grants, and the court noted that "[t]he Social Security Act even provides for research of the unemployment compensation program, personnel training of state employees and an advisory counsel." (citing 42 U.S.C. § 1106 (Unemployment compensation research program), 1107 (Personnel training) and 1108 (Advisory Counsel on Unemployment Compensation). *Id*. at 181. In addition, as the United States Bankruptcy Court for the District of Massachusetts noted in the case of In re Joseph A. Munger, 370 B.R. 21 (D. Mass. 2007), the 2005 Committee Notes attached to the Means Test Form specifically acknowledge that "the federal government provides funding for state unemployment compensation under the Social Security Act" (*Id*. at 26, Footnote 5).

The Sorrell court also found noteworthy the fact that Congress chose to use the broad phrase of "benefits received under the Social Security Act" in 11 U.S.C. § 101(10A)(B) instead of making reference to specific provisions of the Social Security Act as it did in 11 U.S.C. §§ 362(b)(2)(D), (E), (F) and (G), as well as in 11 U.S.C. § 704(e)(1)(A)(i) and 11 U.S.C. § 1302(d)(1)(A)(i). *Id*. at 183. The court noted that "[c]anons of statutory construction approved by the Supreme Court recognize that congressional enactments which contain particular language in one section of a statute, but omit such particularity in another section, reflect Congress's intention and purpose in such disparate use." (*citing* BFP v. Resolution Trust Corp., 511 U.S. 531, 537, 114 S.Ct. 1757, 1761, 128 L.Ed.2d 556 (1994), citing Chicago v. Environmental Defense Fund, 511 U.S. 828, 338, 114 S.Ct. 1588, 1593, 128 L.Ed.2d 302 (1994), and Keene Corp. v. United States, 508 U.S. 200, 208, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993)). *Id*. at 183. Accordingly, the Sorrell court held that "[a] comparison of the specificity which Congress chose in referring to limited, specific provisions of the Social Security Act in §§ 362(b)(2)(D), (E), (F) and (G), 704(e)(1)(A)(i) and 1302(d)(1)(A)(i) as opposed to Congress's choice in referring to the unlimited, general provisions of the entire Social Security Act in § 101(10A)(B) provides further support for the conclusion that unemployment

compensation is one of the "benefits received under the Social Security Act." *Id*. at 183.

## CONCLUSIONS OF LAW

The Court hereby concludes as a matter of law that unemployment benefits are "benefits received under the Social Security Act" and are therefore specifically excluded from the definition of "current monthly income" set forth in 11 U.S.C. § 101(10A)(B); and accordingly, the Court further concludes as a matter of law that the Bankruptcy Administrator's Motion to Dismiss should be denied.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the Debtors' Chapter 7 case that was filed herein by the Bankruptcy Administrator pursuant to 11 U.S.C. § 707(b)(2) shall be and hereby is denied, and this ruling is without prejudice to the right of the Bankruptcy Administrator to file herein any motion that he may deem appropriate under any other provision of 11 U.S.C. § 707.

| | |
|---|---|
| This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order. | United States Bankruptcy Court |